UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
:
**MOMEN MAHMOUD MOUSSA**,
:
                    Plaintiff,
:   **MEMORANDUM AND ORDER**
:
      – against –
:   22-CV-3709 (AMD) (SJB)
:
**ANN MARIE T. SULLIVAN,** *Commissioner of*
*NYS Office of Mental Hygiene*,
:
:
                    Defendant.
:
:
---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      On June 22, 2022, the plaintiff brought this *pro se* action pursuant to 42 U.S.C. § 1983. On July 22, 2022, I dismissed the complaint, but granted the plaintiff leave to amend, which he did on August 17, 2022. (ECF Nos. 4, 5.) Because the amended complaint does not cure the deficiencies that I identified previously, the action is dismissed.

### BACKGROUND

      This action arises from the plaintiff's experiences at civil commitment hearings between 2018 and 2022. In his initial complaint, the plaintiff challenged the constitutionality of New York's Mental Hygiene Law and asked the Court to remove his name and mental health information from federal and state databases.[1] I dismissed the action for failure to state a claim on July 22, 2022, and granted the plaintiff leave to amend. (ECF No. 4.) In addition to renewing the claims that were dismissed, the plaintiff's amended complaint alleges more detail about his

---

[1] I do not repeat the factual allegations from the plaintiff's initial complaint, which I summarized in my prior order. (ECF No. 4.)

history of civil commitment, and brings an "as applied cause of action" against New York's Mental Hygiene Law. (ECF No. 5 ¶¶ 10, 21.)

The plaintiff alleges facts about a February 2018 commitment hearing involving three former U.S. presidents, former Governor Andrew Cuomo and former Mayor Bill de Blasio. (ECF No. 5 ¶ 10.) Specifically, he alleges that "Barack Obama urged the judge to commit the plaintiff while US President George Bush (43) urged the Judge to release the plaintiff (citing Texas civil commitment law as an example). Then-President Donald Trump tried to 'pardon' the plaintiff but the pardon was rejected because civil commitments are not criminal law." (*Id.*)[2]

The plaintiff complains about other civil commitment hearings—including one in June 2020, during which the plaintiff's mother allegedly gave false testimony (*id.* ¶ 11), and another in March 2022 at which the plaintiff "was never able to confront and cross examine those making allegations against him in court." (*Id.* ¶ 13.) He also claims that the March 2022 hearing was "retaliation for a domestic abuse complaint [that the plaintiff] filed against his father." (*Id.*)

Finally, the plaintiff describes his involvement in an "alleged Russiagate scandal against [the] plaintiff's friend(s) and former US President Donald Trump (and Bush family)." (*Id.* ¶ 25.)[3] He alleges that New York's Mental Hygiene Law—which according to the plaintiff "is prone to weaponization by politicians against political dissidents like the plaintiff" (*id.* ¶ 10)—has been "misused against the plaintiff because of his role in the alleged Russiagate scandal." (*Id.* ¶ 21.) He claims, "This is the only as applied charge the plaintiff alleges, all previously listed causes of action have been facial challenges to the law." (*Id.*)

---

[2] The plaintiff made similar allegations in a separate action, which I dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Moussa v. Obama et al.*, No. 22-CV-4625, ECF No. 9 (E.D.N.Y. Oct. 24, 2022).

[3] Attached to the plaintiff's complaint is a series of exhibits, including a letter with additional factual allegations about "Russiagate" and several politicians who the plaintiff alleges played a role in his commitment proceedings. (ECF No. 5 at 17-18.)

**LEGAL STANDARD**

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks, alterations and citations omitted).

Because the plaintiff is proceeding *pro se*, I construe his complaint liberally, and evaluate it by "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The plaintiff's claims must be "read to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quotations and citations omitted). Nevertheless, I must dismiss an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

**I.     Facial Challenge to New York's Mental Hygiene Law**

The plaintiff brings a facial challenge to New York's Mental Hygiene Law. He claims that the law violates the Sixth, Eighth and Ninth Amendments, and also reasserts his claim that the law violates the Fourteenth Amendment's due process clause because it allows doctors to make designations of "dangerousness" based on reports of family members and without a probable cause hearing or other opportunity for the patient to confront the accuser. (ECF No. 5 ¶¶ 16, 19.)

The amended complaint does not include any new factual or legal assertions that would alter my prior decision dismissing the plaintiff's due process claim. As I explained, federal courts have rejected similar due process challenges to the New York Mental Hygiene Law. *See Moussa v. Sullivan*, No. 22-CV-3709, 2022 WL 2906177, at *2 (E.D.N.Y. July 22, 2022) (collecting cases rejecting facial challenges to the Mental Hygiene Law).

The plaintiff's claims under the Sixth, Eighth and Ninth Amendments are also unavailing. The Sixth Amendment "expressly protects only those in criminal proceedings and accordingly does not apply to the [application of New York's Mental Hygiene Law]." *Cortlandt v. Westchester Cnty.*, No. 07-CV-1783, 2007 WL 3238674, at *6 (S.D.N.Y. Oct. 31, 2007) (citations omitted). The plaintiff cannot bring Eighth Amendment claims "because 'the Eighth Amendment applies only to convicted prisoners.'" *Smith v. Brown*, 296 F. Supp. 3d 648, 661 (S.D.N.Y. 2017) (quoting *Simpson v. Town of Warwick Police Dept.*, 159 F. Supp. 3d 419, 443 (S.D.N.Y. 2016)). Finally, the plaintiff has no viable claim under the Ninth Amendment. *See Rini v. Zwirn*, 886 F. Supp. 270, 289 (E.D.N.Y. 1995) ("No independent constitutional protection is recognized which derives from the Ninth Amendment and which may support a § 1983 cause of action." (citations omitted)).

**II.     Request to Remove Information from Databases**

The plaintiff renews his request to remove his name and mental health information from federal and state databases, but again does not identify any legal basis on which the Court could grant him such relief.  For the reasons explained in my previous decision, the claim is dismissed.  *See Moussa*, 2022 WL 2906177, at *3-4

**III.    Claims on Behalf of Doctors and Hospitals**

The plaintiff purports to bring a claim on behalf of an unidentified group of doctors and hospitals.  (ECF No. 5 ¶ 20.)  He alleges that the New York Mental Hygiene Law "essentially ties the hands of doctors and hospitals," and "unfairly opens up doctors and hospitals to the possibilities of sanctions and liabilities for conducting roles they may not be adequately trained or prepared for."  (*Id.*)

"In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third-parties."  *Powers v. Ohio*, 499 U.S. 400, 410 (1991) (citations omitted); *Umbrino v. L.A.R.E Partners Network, Inc.*, 585 F. Supp. 3d 335, 357 (W.D.N.Y. 2022) ("As a general rule of standing, 'one person cannot litigate injuries on behalf of another.'" (quoting *Langan v. Johnson & Johnson Consumer Cos., Inc.*, 897 F.3d 88, 93 (2d Cir. 2018))).[4]  Moreover, "[a] *pro se* litigant . . . is not empowered to proceed on behalf of anyone other than himself."  *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000) (citations omitted).  For these reasons, the plaintiff's claim on behalf of third-party individuals and entities must be dismissed.

---

[4] An exception to this general prohibition, the doctrine of third-party standing, allows a plaintiff to "assert the legal rights of another as a 'next friend' when he or she establishes: (1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert its own interests."  *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016) (internal quotation marks and citation omitted).  The plaintiff has not pled any facts in support of these elements.

5

**IV.     As-Applied Challenge to New York's Mental Hygiene Law**

The amended complaint asserts an "as-applied" challenge to the Mental Hygiene Law. (ECF No. 5 ¶ 21.) "An 'as-applied challenge,' . . . requires an analysis of the facts of a particular case to determine whether the application of a statute, even one constitutional on its face, deprived the individual to whom it was applied of a protected right." *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 174 (2d Cir. 2006). "The essence of an 'as applied' challenge therefore is a claim that the manner in which a statute or regulation was applied to a plaintiff in particular circumstances violated the Constitution." *Almengor v. Schmidt*, 692 F. Supp. 2d 396, 397 (S.D.N.Y. 2010), *aff'd sub nom. Schain v. Schmidt*, 396 F. App'x 713 (2d Cir. 2010).

The plaintiff argues that the New York Mental Hygiene Law was enforced against him in violation of the Constitution because former U.S. presidents appeared at his civil commitment hearing and intervened in his case. (ECF No. 5 ¶ 21.) As I held in the plaintiff's other action in the Eastern District, the plaintiff's theories are irrational, and must be dismissed as frivolous. *See Moussa v. Obama et al.*, No. 22-CV-4625, ECF No. 9 (E.D.N.Y. Oct. 24, 2022); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted) (An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy.").

**CONCLUSION**

For these reasons, the action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court finds that amendment would be futile and denies the plaintiff's request to submit additional pleadings. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment and close this case and to mail a copy of this order and judgment to the plaintiff.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       October 25, 2022